UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Paul Frank Mathews & Maria Emilia Mathews,<br><br>Plaintiffs<br><br>v.<br><br>Equestrian Estates Homeowners Association,<br><br>Defendant | Case No. 2:21-cv-01425-CDS-DJA<br><br>**Order Granting Defendant's Motion to Dismiss, Denying Plaintiffs' Motion to File Supplemental Information, and Closing Case**<br><br>[ECF Nos. 10, 17] |

Plaintiffs Paul Frank Mathews and Maria Emilia Mathews ("the Mathewses")[1] sue defendant Equestrian Estates Homeowners Association ("EEHA") for various tortious and property-based claims arising out of EEHA's use of an entry gate that required the Mathewses to move plants on their property away from the gate and its mechanisms. However, federal courts may only adjudicate controversies over which they have jurisdiction. Because the Mathewses have failed to demonstrate that this court has jurisdiction over this property dispute, I grant EEHA's motion to dismiss, dismiss plaintiffs' complaint with prejudice, and direct the Clerk of Court to close this case. I also deny plaintiffs' motion to file supplemental authority concerning the merits of the underlying property dispute.

I.   Motion to dismiss [ECF No. 10]

"'Federal courts are courts of limited jurisdiction', possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Federal courts have subject-matter jurisdiction either based on the diversity of the parties or if a federal question is

---

[1] The Mathewses are pro se litigants, and "pro se pleadings must be construed liberally[.]" *Draper v. Rosario*, 836 F.3d 1072, 1080 (9th Cir. 2016).

presented. 28 U.S.C. §§ 1331, 1332. After thorough consideration of the relevant law, the parties' briefs, and the plaintiffs' complaint, I find no basis for federal jurisdiction over this matter and therefore must grant EEHA's motion to dismiss. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citation omitted) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

First, I find that this court does not have diversity jurisdiction over this matter. A federal court's diversity jurisdiction extends "to all civil actions where the amount in controversy exceeds . . . $75,000 . . . and is between [c]itizens of different [s]tates." 28 U.S.C. § 1332(a)(1). The Mathewses concede that there is no basis for diversity jurisdiction (Resp., ECF No. 12 at 8), as they and EEHA are all citizens of Nevada and the amount in controversy is less than $75,000. ECF No. 1 at 8, 23. So the only other way that this court could have jurisdiction to hear this case is if it presents a federal question. I find that it does not. District courts have federal-question jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, an action "arises under" federal law only if the federal question appears on the face of a well-pled complaint. Here, the Mathewses assert that this case implicates the Fifth Amendment because EEHA has performed an "uncompensated taking" of their personal property by installing a moving gate at an egress point of the neighborhood, a point which allegedly sits on plaintiffs' property. ECF No. 1 at 9, ECF No. 12 at 2.

"Generally speaking, state law defines property interests." *Stop the Beach Renourishment, Inc. v. Fla. Dep't of Environ. Protection*, 560 U.S. 702, 707 (2010) (citing *Phillips v. Wash. Legal Found.*, 524 U.S. 156, 164 (1998)). The Takings Clause that the Mathewses reference—"nor shall private property be taken for public use, without just compensation," U.S. Const., Amend. V—is classically "a transfer of property to the [s]tate or to another private party by eminent domain" but may also apply to "other state actions that achieve the same thing." *Id.* at 713. "In sum, the Takings Clause bars *the [s]tate* from taking private property without paying for it," although the particular state actor is irrelevant. *Id.* at 715. Plaintiffs' allegation that EEHA has deprived them

of their due-process rights by taking their property without compensation turns on whether EEHA is considered a "state actor."

A homeowners' association is not generally a state actor, and the Mathewses allege no facts under which I could find an exception to that general rule. "A private homeowners' association is not the functional equivalent of a municipality or a purported 'quasi-governmental' entity." *Kulick v. Leisure Vill. Ass'n, Inc.*, 2019 WL 4918265, at *2 (C.D. Cal. Oct. 2, 2019) (citing *Snowdon v. Preferred RV Resort Owners Ass'n*, 379 Fed. App'x 636, 637 (9th Cir. 2010) (holding that a Nevada homeowners' association was not a state actor)). The Mathewses argue that EEHA might still be considered a state actor under the test articulated by the United States Supreme Court in *Manhattan Community Access Corporation v. Halleck*, 139 S. Ct. 1921 (2019). Resp., ECF No. 12 at 2. The plaintiffs' analysis, however, misreads *Halleck*. The Supreme Court "has stressed that 'very few' functions fall into" the category of private entities qualifying as state actors. *Halleck*, 139 S. Ct. at 1929. This is because "being regulated by the [s]tate does not make one a state actor." *Id.* at 1932. "As the Court's cases have explained, the 'being heavily regulated makes you a state actor' theory of state action is entirely circular and would significantly endanger individual liberty and private enterprise." *Id.*

The Mathewses cite no law in support of their contentions that actions performed by EEHA constitute a performance of once-exclusive public functions. *See generally* ECF No. 12. Their conclusory arguments that EEHA's provision of a community well somehow makes it a water authority, or that EEHA's servicing and maintenance of community fire hydrants has placed it "in the shoes of the Fire Department" are not based in law. *Id.* at 3. And just because "it holds [its] own elections, [has] quorums, [and] make[s] motions" does not mean that EEHA runs its "own little mini town." *Id.* at 3–4. Without any authority indicating that any of EEHA's functions are actually "traditionally *and* exclusively performed" by the government (*Halleck*, 139 S. Ct. at 1929), I cannot find that EEHA constitutes a state actor. Nor can I conclude that any of its alleged actions constitute uncompensated takings under the Fifth Amendment. There is thus no

federal question articulated by the facts in the complaint.

Because this court has no basis of jurisdiction over the controversy alleged in the complaint, I do not address the merits of the plaintiffs' complaint. While leave to amend "shall be freely given when justice so requires" (Fed. R. Civ. P. 15(a)), and that policy is "to be applied with extreme liberality" (*Owens v. Kaiser Found. Health Plan, Inc.*, 224 F.3d 708, 712 (9th Cir. 2001) (internal quotation omitted)), I find that justice does not require amendment in this case. The "fundamental nature of the jurisdictional defect discussed herein" means that "amendment of the [c]omplaint would be futile." *Kulick*, 2019 WL 4918265, at *2.

## II.     Motion to file supplemental authority [ECF No. 17]

Plaintiffs also move to file supplemental authority concerning various points of law relevant to their lawsuit. *See generally* Mot., ECF No. 17. However, none of plaintiffs' arguments justify the exercise of federal jurisdiction over this controversy. Somewhat tellingly, each of the opinions cited by plaintiffs for instances of courts "upholding constitutional rights of homeowners" were drafted by state courts. *See id.* at 6–8 (citing cases from the Superior Court of Massachusetts; the Illinois Appellate Court, First Division; the New Jersey Superior Court, Appellate Division; the Supreme Court of New York, Appellate Division; District Court for Collin County, Texas (the 429th Judicial District in Texas); and the New Jersey Supreme Court). Because I have no basis on which to exercise jurisdiction over this case, and plaintiffs' motion cites no authority which would allow me to draw such a conclusion, I deny plaintiffs' motion to file supplemental information.

III. Conclusion

IT IS HEREBY ORDERED that plaintiffs' motion to file supplemental information [ECF No. 17] is DENIED.

IT IS FURTHER ORDERED that defendant's motion to dismiss [ECF No. 10] is GRANTED. Plaintiffs' complaint is dismissed with prejudice and without leave to amend. **The Clerk of Court is instructed to enter judgment accordingly and CLOSE THIS CASE.**

DATED: February 14, 2023

_____
Cristina D. Silva
United States District Judge